## HERGES *vs.* THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Charge held erroneous, because invading province of jury.*—A charge in these words: "If the jury believed that the defendant knew of, and was concerned in, and aided in the stealing of the copper, *as set out in the evidence,* then they might find him guilty, although he was not actually present at the time of the larceny,"—invades the province of the jury, and is therefore erroneous.

From the City Court of Mobile.
Tried before the Hon. ALEX. MCKINSTRY.

THE prisoner was indicted for the larceny of "four hundred pounds of copper, the property of · William P. Hammond," and was convicted under the charge of the court. The evidence in the case was, in substance, as follows: A quantity of copper was cut, by night, from the gutter of a warehouse belonging to said Hammond, and was piled up in a shed. A few nights afterwards, a person was seen in the yard of the warehouse, with a wagon filled with the copper; but, on being discovered, he ran off, and escaped. The wagon was proved to belong to the defendant. The charge of the court on this state of facts, which is assigned as error, is set out in the opinion.

O. S. JEWETT, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra.*

STONE, J.—There is one portion of the charge given by the court, at the instance of the solicitor, upon which the judgment of conviction must be reversed. The charge is in these words: "If the jury believed that the defendant knew of, and was concerned in, and aided in the stealing of the copper, *as set out in the evidence,* then they might find him guilty, although he was not actually present at the time of the larceny." The erroneous portion of the charge we have italicized. These are words of reference, and refer to the evidence as sustaining the facts supposed

in the preceding part of the charge. They assume that the evidence in the case "sets out" some one or all of the facts hypotheticated in the charge. If held to refer to the words immediately preceding them, they assume that "the stealing of the copper" was one of the *facts* "set out" in the evidence; and if held to refer to all the preceding part of the charge, they assume not only "the stealing of the copper," but the additional facts, that the prisoner "knew of, and was concerned in, and aided in the stealing." Under either construction, the charge is alike erroneous. Each of these questions should have been left to the jury.—Thompson v. The State, at the present term, and authorities there cited. We do not know that this question was considered in this view by the court below; but we have not felt at liberty to overlook it.

We have found no other error in the record.

The judgment of the city court is reversed, and the cause remanded.