# Green *v.* The State.

*Indictment for Murder.*

1. *Exception to entire charge.*—The rule is. that when an entire charge is excepted to as a whole, that if any part of the charge is free from objection, the exception cannot be sustained.

2. *Special charge.*—In cases of homicide, a failure to charge specially with reference to all the facts, in the general charge by the court, is not reversible error.

3. *Existence of formed design; instructions upon.*—That homicide should be murder in the first degree, the elements of deliberation and premeditation need to have existed, and to have prompted the fatal act but a moment before the killing.

4. *Same; locality of the killing tending to show it.*—Evidence that defendant had lived all his life near the place of the homicide, which was the most obscure and secreted spot in the neighborhood, just off from the road along which he had been traveling with deceased, though not of any particular weight, is admissible as bearing on the question of whether he had any previously formed design to take the life of deceased, and therefore tending to fix the grade of the crime.

From the Circuit Court of Sumter.

Tried before the Hon. S. H. SPROTT.

Steptoe Green was convicted of murder and appeals. The exception reserved was to the court's overruling the defendant's objection to the following question: "What is the character of the country along the road from the cotton patch, near Henry Green's house, to the ravine at the five-mile post, on the Gainesville and Livingston road, [the place where the killing occurred?]" The defendant having requested the court to give his general charge to the jury in writing, the court, in answer to such request, instructed the jury as follows: "The defendant stands indicted for the murder of Harriet Marr. 'Murder,' under our statute, is defined as follows: 'Every homicide perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate, any arson, rape, robbery, or burglary, perpetrated from a premeditated design, unlawfully and maliciously, to effect the death of any human being other than him who is killed, or perpetrated by any act greatly dangerous to the lives of others, and evidencing a depraved mind regardless of human life, although without any preconceived purpose to deprive any particular person

[Green v. The State.]

of life, is murder in the first degree. And every other homicide committed under such circumstances as would have constituted murder at common law is murder in the second degree. Manslaughter, by voluntarily depriving a human being of life, is manslaughter in the first degree, and manslaughter committed under any other circumstances is manslaughter in the second degree.' The indictment in this case charges murder in the first degree. That charge embraces not only murder in the first degree, but also murder in the second degree, manslaughter in the first degree, and manslaughter in the second degree. Murder in the first degree is the willful, deliberate, malicious, and premeditated killing of a human being. 'Willful' means governed by the will, without yielding to reason. 'Deliberate' means formed with deliberation, in contradistinction to a sudden, rash act. 'Malicious' means with fixed hate, or done with wicked intentions or motive, not the result of sudden passion. 'Premeditated' means contrived or designed previously. *The law fixes no particular length of time these elements shall exist in the mind. If they coexist but a moment before, and prompt the fatal act, it is sufficient.* There must have been a previously formed design to take the life of the individual slain, and death must have been the result of the voluntary, intentional employment of means calculated to produce it. It does not necessarily follow that, where life is taken in pursuance of a formed design, that the defendant must be guilty of murder in the first degree. There may be a formed design to take life by one acting entirely in self-defense. A person guilty of manslaughter may have instantaneously formed the design to take life, but to make it manslaughter there must be an absence of malice, deliberation, and premeditation. The design, in such case, is the result of sudden passion upon sufficient provocation, as distinguished from that formed design which results from malice, deliberation, premeditation. Murder in the second degree is the unlawful and malicious killing of a human being. The distinction between the two degrees of murder is, the absence in murder in the second degree, of that deliberation and premeditation, required in murder in the first degree. Manslaughter in the first degree is the unlawful and intentional killing of a human being without malice, express or implied; and manslaughter committed under any other circumstances is manslaughter in the second degree. The defendant pleads not guilty, and this casts upon the State the duty to show, beyond a reasonable doubt, that the defendant committed the homicide charged, in some degree of criminality punish-

[Green v. The State.]

able by law. If the evidence satisfies you beyond a reasonable doubt that the defendant, without lawful justification or excuse, committed the homicide charged, under the circumstances which fix either of these degrees of criminality upon him, then you can not return a general verdict of not guilty. I have stated to you that, before the defendant can be convicted of any offense, that you must be satisfied of his guilt beyond a reasonable doubt; and, if you have a reasonable doubt of his guilt of any of the offenses embraced in the charge against him, then you would have to return a verdict of not guilty. The doubt which requires an acquittal must be actual and substantial, not mere possibility or speculation. It is not a mere possible doubt, because everything relating to human affairs, and depending upon moral evidence, is open to some possible or imaginary doubt. You, gentlemen, are the exclusive judges of the evidence. It is for you to say what weight shall be given to the evidence of each witness. You can not capriciously reject the evidence of any witness. It is your duty to reconcile the evidence of witnesses, if there is any conflict, if you can do so, and say what weight shall be given to it. You have a right, in weighing the evidence, to consider the manner and demeanor of the witnesses on the stand; and, if there is any conflict, is it as to any material matter? Where a deadly weapon is used, malice may be inferred from the use of such weapon, unless the facts and circumstances of the killing rebut such presumption. For instance, if a deadly weapon is used, and death results, but the facts of the case show that it was used in self-defense, then the presumption of malice from the use of such weapon is overcome. If the deceased died from the effects of a wound inflicted by a knife or stick in the hands of the defendant, and such wound was intentionally inflicted, in pursuance of a previously formed design to take her life, he would be guilty of murder. If, however, the fatal blow was inflicted in the heat of passion, and without the existence of such formed design, necessary to constitute murder, and it was unlawfully and intentionally done, this would be manslaughter in the first degree. On the other hand, if the defendant was being attacked by Emma Marr, and he was without fault in provoking or bringing on the difficulty, and there was no other reasonable mode of escape, and if, in defending himself against such attack, he struck the blow, intending to strike and repel such attack, and unintentionally struck deceased, and killed her, then he would not be guilty of any offense. In other words, if the blow was aimed at and intended for

[Green v. The State.]

Emma Marr, and if he had killed her, and the evidence disclosed that he was justifiable, and acted in self-defense, then he would not be guilty, though another was killed. After a careful examination and comparison of all the facts and circumstances in the case, if you are satisfied beyond a reasonable doubt that the defendant is guilty of murder in the first degree, you will so return your verdict. If, however, you are not satisfied that there was that degree of premeditation and deliberation that would constitute murder in the first degree, but that he is guilty of murder in the second degree, you will so return by your verdict. And if you are not satisfied beyond a reasonable doubt that the defendant is guilty of murder either in the first or second degree, but you are satisfied beyond a reasonable doubt that he unlawfully and intentionally killed Harriet Marr, but without malice, then you would return a verdict of guilty of manslaughter in the first degree." The court further charged the jury, orally, as follows: "In like manner, if you are not satisfied from the evidence that the defendant is guilty of either murder in the first or second degree, or manslaughter in the first degree, but that he is guilty of manslaughter in the second degree, then you would return a verdict of manslaughter in the second degree." The defendant excepted to the court's general charge as a whole, and also separately excepted to that portion of the general charge which is italicised.

SMITH, VAN DEGRAFF & TRAVIS, for appellant.

WM. L. MARTIN, Attorney-General, and J. J. ALTMAN, for the State.

COLEMAN, J.—The defendant was tried and convicted of murder in the first degree and sentenced to suffer the death penalty. This is the third appeal in this case, the defendant having been convicted twice previously, and sentenced to death, and each time on appeal the case was reversed, We find no exception in the record to any ruling of the court, which was not determined on the former appeal, or which has not been adjudicated in other cases. Under the statute, upon the request of the defendant, the judge was required to give his charge to the jury in writing.

The first exception is to the entire charge as a whole. The rule in such cases is, that if any part of the charge is free from objection, the exception can not be sustained.—*L. & N. R. R. Co. v. Orr*, 94 Ala. 602; *Gilmer v. The State*, 89 Ala.

[Green v. The State.]

121; *Williamson v. The State*, 83 Ala. 68; *Irwin v. The State*, 50 Ala. 181. We are of opinion the entire charge, and every proposition of law asserted, is correct.

It is argued that the court failed to instruct the jury as to the law upon certain material facts, introduced in evidence on the trial. The charge nowhere unduly emphasizes, or gives undue prominence, to any fact, or the testimony of any witness. The constituents of the degrees of murder and of manslaughter are correctly and clearly stated, and it is left to the jury to find, from the facts, of which of the degrees of murder or manslaughter, if of either, the defendant was guilty.

We can not saction the doctrine, that when the court is required to charge the jury in writing, it will be reversible error if the court is unable at the time the charge is prepared to remember all the evidence introduced on the trial of the protracted case, where a dozen or more witnesses are examined, and to charge specially with reference to all the facts. If this was law, but few convictions would stand. The contention is without authority to support it, and it is unreasonable. It is the privilege of the defendant to call the attention of the court to any matter contained in the charge, deemed objectionable, and if the objection is well founded, unless corrected, it will be reversible error. It is also the privilege of the defendant to prepare written charges upon any and every question of law considered favorable to him, and if correct, a refusal to give them is reversible error. All possible safe-guards, to protect a defendant on trial charged with a criminal offense, are preserved for his protection. A party has the right to waive an exception to any objectionable charge, if he sees proper to do so.—*Holland v. Barnes*, 53 Ala. 83.

The portion of the general charge specially excepted to has been so often adjudicated, we will do no more than cite a few of the more recent cases.—*Hornsby v. The State*, 94 Ala. 55; *Cribbs v. The State*, 90 Ala. 613; *Lang v. The State*, 84 Ala. 1; *Mitchell v. The State*, 60 Ala. 26.

The objection to the testimony of witnesses describing the surroundings of the place where the crime was perpetrated, was considered on a former appeal, and declared to be competent evidence.—*State v. Green*, 97 Ala. 59. This testimony was admissible, for two reasons. It enabled the jury to better understand the evidence of other witnesses, and it was not irrelevant upon the question of previous design. Much of the adjacent land across which the defendant and deceased passed was open, and any movements liable to be

[Forney v. The State.]

seen. The evidence tends to show the exact locality of the crime was hidden from view, and defendant's knowledge of the character of the surrounding country and the seclusion of the particular place was fully established.

There is no error in the record, and the judgment of the court must be affirmed. It appearing that the day fixed for the execution of the sentence of the law has passed, this court now appoints the 15th day of September next, on which day the proper officer of Sumter county will execute the sentence of the law, as pronounced by the court.

Affirmed.