# Fuller *v.* The State.

### *Indictment for an Assault.*

1. *Criminal pleading; sufficiency of complaint charging an assault.* The mere failure to punctuate correctly, does not affect the legal significance of a complaint made before a justice of the peace, charging the commission of a crime; and where a prosecution for assault is commenced before a justice of the peace, and the complaint, after setting out the State and county, recites that a certain named person being duly sworn "says on oath that he has probable cause for believing and does believe that within twelve months before making this affidavit in said county, John Fuller assaulted Ella Williams with a weapon," such complaint is sufficient and not subject to demurrer.

2. *Charge to the jury; reasonable doubt.*—Where, in a criminal prosecution, the court at the request of the defendant instructed the jury that before they could "convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of defendant's guilt, that the jury would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty," it is not error for the court, at the request of the State, to further instruct the jury "that in whatever form the question of reasonable doubt may be couched, and however it may be twisted by words, that reasonable doubt is no more than reasonable doubt."

3. *Assault; charge to the jury; sufficiency of evidence.*—On a trial for an assault with a weapon, where there was evidence tending to show that the defendant, together with others, went to the house of the prosecutrix, and, after being refused admittance, fired into the house, a charge requested by the defendant is properly refused, which instructs the jury that though the defendant and others went to the house of the prosecutrix, and an assault and battery was committed on her by shooting into her house by members of the party, "yet, unless the evidence when considered all together, shows that the defendant did the shooting, or took some part in it (and this must be shown beyond a reasonable doubt, and to a moral certainty, or), the jury should acquit the defendant."

[Fuller v. The State.]

APPEAL from the Criminal Court of Pike.

Heard before the Hon. E. B. WILKERSON.

The prosecution in this case was commenced by the following affidavit made before a notary public and *ex officio* justice of the peace: "The State of Alabama, Pike County.—Personally appeared before me, B. W. Starke, N. P. and Ex. Off. Justice of the Peace in and for said county, T. H. W. Whetstone, who being duly sworn, says on oath that he has probable cause for believing and does believe that within twelve months before making this affidavit in said county, John Fuller assaulted Ella Williams with a weapon. Affiant further charges that within twelve months before making this affidavit John Fuller attempted to commit an assault and battery on the person of Ella Williams, against the peace and dignity of the State of Alabama." The defendant demurred to this complaint, upon the ground that "it fails to aver that the offense alleged in the counts therein was committed in Pike county." This demurrer was overruled, and the defendant duly excepted thereto.

On the trial of the case, as is shown by the bill of exceptions, the State introduced as a witness one Ella Williams, who testified that one morning before day, the defendant came to her house and tried to get in, and upon being refused admittance, he attempted to force an entrance, and made threats against her if she did not allow him to come in; that there were two other persons with the defendant, and that upon her continued refusal they went off and in a few minutes returned, and shot into her house, with a shot gun, making two holes in the door, and shot into her house several times with a pistol. There was other evidence tending to show that the defendant was guilty as charged.

The defendant as a witness in his own behalf testified that on the night Ella Williams' house was shot into he was in the city of Troy until 12 o'clock and then left and went home.

Upon the introduction of all the evidence, the court at the request of the defendant, gave to the jury the following charge: "Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's

[Fuller v. The State.]

guilt, but that it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of defendant's guilt, that the jury would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must find the defendant not guilty." After the giving of this charge, the court, at the instance of the State, gave to the jury the following charge: "The court further charges the jury that in whatever form the question of reasonable doubt may be couched, and however it may be twisted by words, a reasonable doubt is no more than a reasonable doubt." The defendant duly excepted to the giving of this charge as requested by the solicitor; and also excepted to the court's refusal to give the following written charge requested by him: "Though the State should show by the evidence in this case when all considered together, that the defendant and others went to the house of Ella Williams, and that an assault and battery was committed on Ella Williams by shooting into her house by members of the party, "yet, unless the evidence when considered all together shows, that the defendant did the shooting, or took some part in it (and this must be shown beyond a reasonable doubt, and to a moral certainty, or) the jury should acquit the defendant."

From a verdict and judgment of guilty the defendant appeals.

D. A. Baker, for appellant.

William C. Fitts, Attorney-General, for the State.

COLEMAN, J.—The objection to the complaint is without merit. A mere failure to punctuate correctly, cannot affect the legal significance of the complaint.

There was no error in the ruling of the court upon questions of evidence.

The charge requested by the State as explanatory of the first charge given at the request of the defendant, was free from error.

The second charge requested by the defendant was properly refused. The phrase "or took some part in it" was calculated to divert the mind of the jury from the evidence tending to show a previous agreement or con-

[The State v. Street *et al.*]

spiracy, and for this reason, if otherwise free from objection, was calculated to mislead the jury. ··

We find no error in the record.

Affirmed.