## Johnson *v.* The State.

### *Indictment for Murder.*

1. *Organization of jury in capital case; quashing venire.*—When a special venire is ordered in a criminal case, including the regular jurors drawn and summoned for the week of the trial, it is no objection to the special venire and constitutes no ground for quashing it, that the names of persons drawn to complete the panel of petit jurors for the week did not appear upon the special venire served upon the defendant.

2. *Homicide; charge to the jury.*—On a trial for murder, where both the evidence for the State and for the defendant prove that the homicide was committed by the defendant, a charge requested by the defendant is erroneous and properly refused which instructs the jury that "they must believe beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt; and that if the prosecution has failed to furnish such measure of proof and to impress the jury with such belief of his guilt, they should find him not guilty."

3. *Same; same.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "if the defendant killed the deceased in the heat of passion aroused by sudden anger produced by the resistance of the boy being chastised, then the killing would not be murder unless at the time of the shooting the defendant was prompted by a willful, intentional, malicious and premeditated design to take the life of the deceased, and if every reasonable hypothesis of the innocence of the defendant is not broken down, the crime of murder is not made out."

4. *Same; same.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "if they believe from the evidence that the killing in the case was not malicious, then the defendant would not be guilty of murder in either, and that if the killing in this case was without malice, then the defendant would not be guilty of a higher offense than manslaughter in the first

degree, and that if after considering all the evidence the jury have a reasonable doubt of defendant's guilt of manslaughter arising out of any part of the evidence then they should find the defendant not guilty of any offense."

5. *Same; same.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "if defendant was moved by sudden anger or passion provoked by his attempt to chastise his son, the deceased, and the latter's resistance, to fire the gun, but that no malice entered into it, then the defendant could not rightfully be convicted of murder."

6. *Court's oral charge to jury.*—On a trial under an indictment for murder, where the court in its oral charge to the jury correctly instructs the jury as to what constitutes murder in the first degree, the further instruction to the jury that "Murder in the second degree is the unlawful and malicious killing of a human being. The distinction between the two degrees of murder is the absence in murder in the second degree of that deliberation and premeditation required in murder in the first degree is free from error.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. JOHN PELHAM.

The appellant, Van Johnson, was indicted and tried for the murder of Arthur Johnson, was convicted of murder in the first degree, and sentenced to the penitentiary for life.

Before entering upon the trial, the defendant moved to quash the venire. The grounds of the motion and the facts in reference thereto are sufficiently shown in the opinion.

The evidence on the part of the State tended to show that the defendant killed Arthur Johnson, his son, by shooting him with a shot gun; that the deceased left the defendant's house in the month of June, 1901, and came back in July, 1901, on the day he was killed; that as the defendant approached the house on the day of the killing, he saw his son sitting on his front porch; that he walked up to him, carrying a walking stick in his hand, and taking his son by the arm remarked that he had promised to whip him for treating him the way he had done; that the son asked to be allowed to explain, and arose from his chair; that the defendant struck him with the stick; that then the son grappled with the defendant,

when he placed his hand under the defendant's chin and shoving his head back, released him and ran back through the house into the yard, and then ran around the house; that the defendant followed him and as he entered the door of the second room, he took down a shot gun from over the door, and continued to run after his son; that on getting into the yard, he raised the gun to his shoulder and fired at the son, instantly killing him.

The evidence for the defendant after showing the same facts as disclosed by the State's evidence in reference to the commencement of the quarrel, then tended to show that as the defendant was running after his son with the gun in one hand and the stick in the other, he stumped his foot against a root that was in the yard, and as he fell the gun was accidentally discharged.

The court in its oral charge to the jury, after correctly instructing the jury as to what was murder in the first degree, then continued its instruction as follows: "Murder in the second degree is the unlawful and malicious killing of a human being. The distinction between the two degrees of murder is the absence in murder in the second degree of that deliberation and premeditation required in murder in the first degree. Manslaughter in the first degree is the unlawful and intentional killing of a human being without malice, express or implied, and manslaughter committed under any other circumstances is manslaughter in the second degree." The defendant excepted to this portion of the court's general oral charge. The defendant then requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (11.) "If the defendant killed the deceased in the heat of passion aroused by sudden anger produced by the resistance of the boy to being chastised, then the killing would not be murder unless at the time of the shooting the defendant was prompted by a willful, intentional, malicious and premeditated design to take the life of the deceased, and if every reasonable hypothesis of the innocence of the defendant is not broken down, the crime for murder

[Johnson v. The State.]

is not made out." (7.) "The court charges the jury that they must believe beyond a reasonable doubt and to a moral certainty, that the defendant is guilty as charged in the indictment to the exclusion of every probability of his innocence and every reasonable doubt of his guilt, and that if the prosecution has failed to furnish such measure of proof and to impress the jury with such belief of his guilt, they should find him not guilty." (18.) "The court charges the jury that if they believe from the evidence that the killing in the case was not malicious, then the defendant would not be guilty of murder in either, and that if the killing in this case was without malice, then the defendant would not be guilty of a higher offense than manslaughter in the first degree, and that if after considering all the evidence the jury have a reasonable doubt of defendant's guilt of manslaughter arising out of any part of the evidence, then they should find the defendant not guilty of any offense." (20.) "If defendant was moved by sudden anger or passion provoked by his attempt to chastise his son, the deceased, and the • latter's resistance to fire the gun, but that no malice entered into it, then the defendant could not rightfully convicted of murder. He might be convicted of manslaughter, but nothing more."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The charges requested by the defendant were erroneous, and therefore, the court did not err in the refusal of them.—*Stoball v. State,* 116 Ala. 460; *Gilmore v. State,* 126 Ala. 31; *Hale v. State,* 122 Ala. 85; *Nicholson v. State,* 117 Ala. 32; *Prior v. State,* 77 Ala. 56; *Field v. State,* 52 Ala. 348; *Smith v. State,* 100 Ala. 4; *Reese v. State,* 90 Ala. 624; *Littlejohn v. State,* 29 So. Rep. 390.

SHARPE, J.—This case was by an order made in the first week of the term set to be tried in the third week of the same term. Before entering on the trial defendant moved "to quash the *venire* because the names of persons drawn to complete the panel of petit jurors for

the week do not appear on the list of the *venire* furnished the defendant." The record shows that the names referred to in the motion were those of three persons who had not been drawn as jurors for the week of the trial but who in the organization of regular juries for that week had been summoned and placed on those juries under an order of court to supply the places of persons whose names were on the *venire* for that week and who had either not been summoned, or had for sufficient reason been excused from serving. It is "a copy of the *venire* for his trial" which under section 5273 of the Code must be served on a defendant in a capital case, or his counsel, an entire day before the day set for trial. The *venire* to be formed for a capital case, set for trial as this was, is determined by the statute, which, after providing for the drawing and summoning of special jurors to attend the trial, provides further among other things that "when the day set for the trial is a day of a subsequent week of the term, the special jurors so drawn together with the jurors *drawn* and *summoned* for such subsequent week, shall constitute such venire."—Code, § 5005; *Baker v. State,* 22 Ala. 1. The language of the statute excludes the idea which seems to have inspired the motion that the persons mentioned therein belonged on the *venire* for the trial of this case.—*Green v. State,* 97 Ala. 59. The fact that they were placed on the panel for the week pursuant to the summary order would not have authorized the use of their names in the selection of the jury, and it does not appear that they were so used. It is admitted fact that a copy of the indictment together with a list of the special jurors and of the jurors drawn and summoned for the week of trial, were duly served on defendant, and this shows a strict compliance with the statute.

The charges refused to defendant were each objectionable. Charge 7 was calculated to mislead the jury to believe the evidence adduced by the State alone should show defendant guilty, whereas it was their duty in determining the question of guilt to consider also the testimony introduced by defendant, which in itself proved the homicide was committed by him, if nothing further

favorable to the State. A similar charge was approved in *Brown's case*, 118 Ala. 111, but the report of that case does not show any evidence proceeded from the defendant's side of the case tending to prove guilt.

Premeditation is not an essential element of murder in the second degree as is assumed by charge 11. That charge and charge 20 each ignore the principle that heat of passion to rebut a presumption of malice once raised, so as to reduce a homicide to manslaughter, must be the result of reasonable provocation. As said in *Prior v. State*, 77 Ala. 56, there must be a concurrence of adequate provocation and ungovernable passion. Whether such provocation existed was under the evidence in this case a question for the jury. Charge 20 also lacks some words in the phrase "could not rightfully convicted of murder" to give the expression meaning.

Charge 18 is obscure of meaning in the absence of some missing word or phrase next after the words "guilty in either."

The court's oral charge, in defining murder in the second degree in connection with what was said in distinguishing the two degrees of murder, was free from error.

No error appearing, the judgment will be affirmed.

*Indictment for Murder.*

