# Bailey *v.* The State.

## *Indictment for Murder.*

1. *Organization of jury; not necessary for clerk to make certificate as to all of the names of the regular jurors being upon the venire.*—In the drawing and empannelling of a jury in a capital case, there is no provision of the statute which re-

quires that the clerk should make a certificate that the names of the regular jurors summoned for the week in which the case was set for trial and served upon the defendant were the jurors drawn and summoned for that week, and the failure of the list served upon the defendant to be so certified to by the clerk, constitutes no ground for quashing the venire.

2. *Same; list served upon defendant should not include talesmen placed upon the jury for the week the cause is tried.*—In the selecting and drawing of jurors for the trial of a capital case in Dallas county, the judge fixed the number of jurors from which the jury to try the case was to be selected, at sixty-five, and then ordered to be drawn from the jury box the names of thirty-two persons who, with the regular jurors drawn for the week in which the case was set for trial made the number sixty-five. An order was made commanding the sheriff to summon the thirty-two persons so drawn to appear on the day of the trial, and a further order was made directing the sheriff to forthwith serve on the defendant or his attorney of record, a copy of the indictment and a list of the jurors summoned for the week in which the case was set for trial, and the names of the thirty-two jurors drawn to make the number to be served upon the defendant sixty-five. In order to complete the regular juries for the week in which the case was set for trial, three talesmen were placed upon one of the juries, on the Monday morning preceding the trial on Thursday. *Held*: That it was not necessary to have served the defendant with the names of the three talesmen so drawn, in order to complete the regular juries for the week.

APPEAL from the City Court of Selma.

Tried before the Hon. J. W. MABRY.

The appellant in this case was indicted and tried for the murder of Robert Hunter, was convicted of murder in the first degree, and sentenced to be hung.

Before the trial was entered upon, the defendant moved the court to quash the venire upon the following grounds: "First. In the pretended certificate of the clerk giving a copy of the jurors summoned for the week in which this case was set for trial, said clerk in said certificate says that the names numbered from 1 to 33, both inclusive, are the names of the regular jurors summoned for the week in which this case is set for trial.

[Bailey v. The State.]

And said certificate does not say that the names mentioned are the jurors drawn and summoned for the week. And defendant moves to quash the venire because said clerk in his said certificate does not say that they are the jurors drawn and summoned.

"Second. Because the records of this court show that the following named persons were drawn and summoned as jurors for said week, viz: Daily F. Jacob, Thomas W. Hall and Truman McGill, and the names of said jurors are not included in the list served upon the defendant. And defendant moves to quash the said venire because the names of said jurors are not included in the list so served upon him as the statute requires."

The facts pertaining to this motion are sufficiently stated in the opinion. The motion was overruled, and the defendant duly excepted. The ruling of the court upon this motion constitutes the only question reviewed by the court on the present appeal.

B. F. WILSON, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited Acts 1898-99, p. 69; *Johnson v. State*, 31 So. Rep. 51.

TYSON, J.—The motion to quash the *venire* proceeds upon two grounds. No proof was offered in support of the first ground. Besides, it is wholly untenable. We find no provision in the statute requiring the clerk to make a certificate that the names of the regular jurors summoned for the week in which the case was set for trial, served upon defendant, were the jurors drawn and summoned for that week. Indeed, there is no provision requiring him to make any certificate in respect to this matter at all. All that is required of him, doubtless, is to issue the order to the sheriff to summon the persons drawn and summoned as jurors, make a list of the names of those persons from which the jury must be selected for the trial, make a copy of the indictment, deliver to the sheriff the list and copy of indictment to be served by him upon defendant, or his counsel. The second ground is equally as unmeritorious. Following

the requirement of section 10 of the Act regulating the selection, drawing and empanneling of jurors for Dallas county, (Acts 1898-99, p. 69), on the 15th day of January, shortly after the convening of the court at that term, the defendant was arraigned upon the indictment, and Thursday, the 6th day of February following, was set for the trial of his case. At the same time the presiding judge in open court, drew from the jury box the names of thirty-two persons, who, with the regular jurors summoned for the week in which his case was set for trial, were necessary to make the number sixty-five, the number fixed by the order to be served upon defendant from which the jury was to be selected; and an order was entered commanding the sheriff to summon those thirty-two (32) persons to appear on the 6th of February, as was also an order entered directing the sheriff to forthwith serve on the defendant or his attorney of record, a copy of the indictment and a list of the names of the jurors summoned for the week in which the case is set for trial, and the names of those thirty-two (32) drawn to make the number sixty-five. These sixty-five persons clearly constitute the *venire* from which the jury to try the defendant was to be selected; and were the only names he was entitled to have served upon him. There is no dispute but that he had the benefit of those names, but the insistence, in motion, is that he should have been served with the names also of the three (3) talesmen who were placed upon one of the juries, in order to complete it, on the Monday morning preceding his trial on the following Thursday. To have allowed him those names would have increased the number from sixty-five to sixty-eight, which is unauthorized by the provisions of section 10, which confines the selection of the jury to the sixty-five. Indeed, the language of the section expressly excludes the idea which seems to have inspired the motion, that the persons named in it belonged on the *venire* for the trial of this case.—*Johnson v. State,* 133 Ala. 38; 31 So. Rep. 951. The motion was properly overruled.

[Ferguson v. The State.]

Some exceptions were reserved upon the trial to the rulings of the court upon the admission of evidence, but they are so wanting in merit we shall not treat of them.

Affirmed.