# Jackson *v.* The State.

*Indictment for Murder.*

1. *Homicide; proper for court to instruct jury as to murder in the first and second degree.*—On a trial under an indictment for murder it is proper for the court in its general charge to the jury, to instruct the jury upon the law of murder in the first and second degree, and in so doing the court commits no error.

2. *Trial and its incidents; explanation by court of charge.*—Where, in the trial of a criminal case, the court at the request of the defendant instructs the jury that if they believe from the evidence "that the defendant's guilt had not been proven to a moral certainty," then they must acquit the defendant, it is

not error for the court to further instruct the jury by way of explanation, that such charge meant "that before the defendant could be convicted his guilt must be first established beyond a reasonable doubt;" such charge not being in violation of the statute requiring the court to give or refuse requested charges in the terms in which they are written, (Code, § 3328).

3.  *Charge as to reasonable doubt.*—On the trial of a criminal case, a charge which instructs the jury that if "you believe from the evidence beyond a reasonable doubt that the defendant is guilty though you also believe it possible that he is not guilty, you must convict him," is free from error and is properly given at the request of the State.

4.  *Same.*—On the trial of a criminal case, a charge which instructs the jury that doubt which will justify an acquittal must be actual and substantial, "not a mere possible doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt," is free from error, and is properly given at the request of the State.

5.  *Same.*—On the trial of a criminal case, a charge which instructs the jury that "if after considering all the evidence you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt, then it is your duty to convict the defendant," asserts a correct proposition, and the giving of such charge at the request of the State is free from error.

6.  *Misleading and argumentative charges.*—Charges which are misleading and argumentative are properly refused.

7.  *Charge of court to jury; as to weight to be given to testimony of impeached witness.*—When the character of a witness is assailed or he is otherwise impeached, it is wholly within the province of the jury to say what degree of weight or c bility should be given to the testimony of such witness; and, therefore, in the trial of a criminal case, where there was evidence tending to discredit the testimony of the principal witness for the State, a charge is erroneous and properly refused which instructs the jury that "If the guilt of the defendant depends upon the testimony of a particular witness, and the evidence further shows that such witness is unworthy of belief, then it is the duty of the judge to acquit the defendant."

8.  *When general affirmative charge properly refused in criminal case.*—In the trial of a criminal case, where there was evidence introduced on the part of the State, which if believed by the jury was sufficient to authorize a conviction, the general affirmative charge requested by the defendant is properly refused.

9.  *Homicide; argument of counsel as to lynching.*—On a trial under an indictment for murder, where the evidence tended to show

that the deceased was hanged by a mob and that the defendant participated in the lynching, the solicitor for the State does not transcend the limits of legitimate argument when, in his argument to the jury, he makes the following statement: "Mob law must be stopped. If a crowd of negroes take a negro out and hang him and if the jury acquit the defendant where they have evidence to convict him, as they have in this case, then the first thing you know, they will be taking a white man out and hanging him."

10. *Charge of court as to testimony of witness.*—On the trial of a criminal case, where there was testimony introduced tending to discredit the testimony of one Perkins, one of the principal witnesses for the State, a charge is free from error and should be given at the request of the defendant, which instructs the jury that "If the guilt of the defendant depends upon the testimony of the witness Perkins, and the jury believe from the evidence that said witness Perkins was willfully and maliciously false, as to any material part of his said testimony, then the jury may disregard all of the testimony of said witness Perkins and find the defendant not guilty."

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. OSCEOLA KYLE.

The appellant in this case, Horace Jackson, was indicted with several other persons, for the murder of one Alex Herman. The indictment contained two counts. In the first count the defendants were charged with the murder of Alex Herman by hanging him with a rope; and in the second count they were charged with the murder of said Alex Herman by shooting him with a gun. The defendant was alone arrested and placed on trial, was convicted of murder in the second degree and sentenced to the penitentiary for ten years.

The facts proved on the trial of the case where substantially as follows: The negro Alex Herman was under arrest charged with the murder of a negro woman. The constable, another negro, fearing that there would be trouble, as there was a large and angry crowd of negroes in town, deputized the defendant Horace Jackson and another negro, Will Kirby, to assist him in guarding the defendant Herman on the preliminary trial. On this trial, Herman was remanded to jail, and the constable Burt, fearing for the safety of his prisoner, should he at-

[Jackson v. The State.]

tempt to carry him to the county jail, which was sixteen miles from the railroad, attempted to take said prisoner to the jail at Tuscumbia. As he was trying to put his prisoner on the train at Courtland, the place of preliminary trial, a mob of negroes overpowered the constable and took Herman away from him, and carrying the prisoner about half a mile from town, he was hung and shot. There was but one witness who swore that the defendant Jackson had anything to do with taking the prisoner from the officer, and that was the witness George W. Perkins, who testified that he saw the defendant and Horace Jackson go on the train and pull the man Herman off the north side of said train and go off with the mob. This same witness further testified that he was in Courtland on the day of the hanging and had a conversation with T. M. Crow, the marshal of Courtland, and Dr. J. W. Edwards, about the mob, both of whom denied seeing said witness or having any conversation with him; Dr. Edwards going so far as to swear that he had lived in Courtland for a number of years, and had never seen the witness Perkins in his life till the trial of the defendant Jackson.

There was evidence introduced by the defendant tending to show that he took no part in the lynching of Alex Herman and was not present at the time the lynching occurred. The bill of exceptions contains the following recital as to the argument of the solicitor for the State: "In his argument to the jury in this case the solicitor who represented the State, among other things, used the following language: 'Mob law must be stopped. If a crowd of negroes take a negro out and hang him, and if the jury acquit the defendant, where they have evidence to convict him as they have in this case, then the first thing you know, they will be taking a white man out and hanging him.' The defendant objected to the above quoted language of the solicitor, and asked the court to exclude the same from the jury, but the court overruled the defendant's said objection and allowed said language to go to the jury, to which action of the court the defendant then and there in open court duly excepted."

The bill of exceptions recites that after charging the jury as to the law of murder in the first degree, the court

proceeded to charge them as to the law of murder in the second degree. The defendant objected to the court instructing the jury on the law of murder in the second degree, on the ground that the evidence in the case showed that the defendant was either guilty of murder in the first degree or nothing. The court overruled the objection, and the defendant duly excepted.

At the request of the defendant the court gave to the jury the following written charge: (10.) "If the jury believe from the evidence that the defendant's guilt has not been proven to a moral certainty, then your verdict must be not guilty." After giving this charge, the court of its own motion instructed the jury by way of explanation that said charge meant "that before the defendant could be convicted his guilt must first be established beyond a reasonable doubt." The defendant objected to this action of the court in explaining said charge.

Among the other charges given by the court at the request of the defendant, was the following: (1.) "I charge you, gentlemen of the jury, that you must find the defendant not guilty unless the evidence against him is such as to exclude to a moral certainty every reasonable hypothesis save that of his guilt."

After giving this charge the court of its own motion instructed the jury as follows: "Gentlemen, that means that the defendant should not be convicted unless you are convinced of defendant's guilt beyond a reasonable doubt."

The defendant separately excepted to the explaining of the charge given at the request of the defendant.

The court, at the written request of the State, gave to the jury the following written charges: (20.) "I charge you, gentlemen of the jury, if you believe from the evidence beyond a reasonable doubt that the defendant is guilty, though you also believe it possible that he is not guilty, you must convict him." (21.) "I charge you, gentlemen of the jury, that the doubt must be that will justify an acquittal, actual and substantial, not a mere possible doubt. Because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt." (22.)

[Jackson v. The State.]

"I charge you, gentlemen of the jury, that if after considering all of the evidence, you have a fixed conviction of the truth of the charge, you are satisfied beyond a reasonable doubt, and it is your duty to convict the defendant."

To the giving of each of these charges the defendant separately excepted, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the guilt of the defendant depends upon the testimony of the witness Perkins, and the jury believe from the evidence that said witness Perkins was willfully and maliciously false, as to any material part of his said testimony, then the jury may disregard all of the testimony of said witness Perkins and find the defendant not guilty." (2.) "I charge you, gentlemen of the jury, that if you believe from, the evidence that the witness Perkins was willfully and maliciously false as to any material part of his testimony, then you have the right to discard all of the testimony of said witness." (3.) "The absence of any evidence suggesting a motive, is a circumstance in favor of the accused to be given such weight as the jury deem proper." (6.) "If the guilt of the prisoner depends upon the testimony of the witness George Perkins, proof of contradictory statements or declarations of that witness, made as to a material point, may be sufficient to raise a reasonable doubt of the defendant's guilt in the minds of the jury, and warrant an acquittal." (16.) "If the guilt of the defendant depends upon the testimony of a particular witness, and the evidence further shows that such witness is unworthy of belief, then it is the duty of the jury to acquit the defendant." (27.) "I charge you, gentlemen of the jury, that if you believe the evidence in this case you must find the defendant not guilty."

C. M. SHERROD, for appellant.—The statement made by the solicitor for the State in his argument to the jury as to mob law was improper and should not have been permitted by the court.—*Williams v. State*, 130 Ala. 107; *Griffin v. State*, 90 Ala. 596; *Dollar v. State*, 99 Ala. 236; *Yeldell v. State*, 100 Ala. 26; *McQueen v. State*, 103 Ala. 12.

[Jackson v. The State.]

The court erred in charging the jury as to the law of murder in the second degree. The evidence showed that the defendant was either guilty of murder in the first degree or nothing.—*Gafford v. State,* 125 Ala. 1; *Brown v. State,* 109 Ala. 70.

The court erred in refusing to give the first charge requested by the defendant, which authorized the jury to disregard all of the testimony of the witness Perkins, if they believed that said witness Perkins had sworn falsely, wilfully, as to any material fact.—*A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45; *Burton v. State,* 115 Ala. 1.

The other charges requested by the defendant were free from error and should have been given.—*Washington v. State,* 58 Ala. 355; *Segars v. State,* 86 Ala. 59.

MASSEY WILSON, Attorney-General, for the State. The argument of the solicitor to which the defendant objected was not improper.—*Cross v. State,* 68 Ala. 476; *Green v. State,* 97 Ala. 59; *McNeill v. State,* 102 Ala. 121; *Brown v. State,* 121 Ala. 9.

It was the duty of the court to charge the jury on the law of murder in the first and second degrees.—*Williams v. State,* 130 Ala. 109; *Gafford v. State,* 125 Ala. 8; *Brown v. State,* 109 Ala. 70.

The court properly explained the charges given at the request of the defendant as to meaning of "reasonable doubt."—*Lowe v. State,* 88 Ala. 8; *Williams v. State,* 98 Ala. 22; *Fuller v. State,* 117 Ala. 200.

Charge 20, given at the request of the solicitor, was passed on by this court and held proper in the case of *Prater v. State,* 107 Ala. 27.

Charge 21, given at the request of the solicitor, was correct.—*Moore v. State,* 36 Ala. 211; *McElroy v. State,* 77 Ala. 95; 99; *Winter v. State,* 123 Ala. 1, 12. Charge 22, given at the request of the solicitor, was correct. *Heath v. State,* 99 Ala. 179; *Rhea v. State,* 100 Ala. 119; *Thomas v. State,* 106 Ala. 19; *Porter v. State,* 107 Ala. 26.

Charges 1, 2, 6, and 16, requested by the defendant and refused by the court, were substantially the same as charges 15 and 15½, given at the request of the defendant, and there was for that reason no error in the refusal

of those charges.—*Koch v. State,* 115 Ala. 99; *Murphy v. State,* 108 Ala. 10; *Allen v. State,* 111 Ala. 80.

On the merits of charges 6 and 16, see the following cases : *Childs v. State,* 76 Ala. 93; *Lowe v. State,* 88 Ala. 8; *Paul v. State,* 100 Ala. 136; *Spicer v. State,* 105 Ala. 123; *Osborn v. State,* 125 Ala. 106.

DOWDELL, J.—It was proper for the court in its general charge to instruct the jury on the law of murder in the first and second degrees, and consequently no error was committed in so doing.—*Williams v. State,* 130 Ala. 112; *Gafford v. State,* 125 Ala. 8; *Brown v. State,* 109 Ala. 70.

There was no error in the court's explaining the written charges given at the request of the defendant as to the meaning of "reasonable doubt." This was not a violation of the statute which requires that charges moved for in writing by either party must be given or refused in the terms in which they are written.—§ 3328, Code of 1896; *Williams v. State,* 98 Ala. 22; *Fuller v. State,* 117 Ala. 200; *Lowe v. State,* 88 Ala. 8; and authorities cited in note to above section of the Code

Charge 20 given at the request of the solicitor correctly stated the law. A like charge was passed upon and pronounced good, in the case of *Prater v. State,* 107 Ala. 27.

The giving of charge 21 at the instance of the solicitor, was also free from error.—*McElroy v. State* 77 Ala. 95; *Winter v. State,* 123 Ala. 1, 12.

The giving of charge 22 requested by the solicitor was likewise free from error.—*Prater v. State, supra; Thomas v. State,* 106 Ala. 19; *Rhea v. State,* 100 Ala. 119; *Heath v. State,* 99 Ala. 79.

Charge 2 requested by the defendant was elliptical and misleading, and was, therefore, properly refused.

Charge 6 requested by the defendant was argumentative and for that reason, if no other, the action of the court in refusing it, was free from error.

Charge 16 requested by the defendant was properly refused. What was said in the case of *Osborne v. State,* 125 Ala. 106, condemning this charge, is applicable here. In that case, we said, quoting from *Moore's case,* 68 Ala. 360 : "When the character of a witness is assailed, or he

[Jackson v. The State.]

is otherwise impeached as being unworthy of credit, it is entirely within the province of the jury, as the exclusive judges of the facts, to say what degree of weight or credibility shall be given to his testimony. It does not lie in the mouth of any court to instruct the jury as a matter of law that they cannot convict on such testimony unless it is corroborated."

Charge 3 refused to the defendant was argumentative as well as misleading, and its refusal by the court was free from error. A like charge was condemned by this court in *Hornsby v. State,* 94 Ala. 55, 67.

There being evidence on the part of the State, which if believed by the jury was sufficient to authorize a conviction, the general affirmative charge asked by the defendant, was, of course, properly refused.

The evidence tended to show that the deceased was hanged by a mob, and that the defendant participated in the lynching. Under this evidence, the solicitor in his remarks to the jury, and which were objected to by the defendant, did not exceed the bounds of legitimate argument.—*Lide v. State,* 133 Ala. 43; *Brown v. State,* 121 Ala. 9; *McNeil v. State,* 102 Ala. 121; *Green v. State,* 97 Ala. 59; *Cross v. State,* 68 Ala. 476.

Charge 1 requested by the defendant correctly stated the law and should have been given. Similar charges have been passed upon by this court and pronounced good in the following cases: *Churchwell v. State,* 117 Ala. 124; *Burton v. State,* 115 Ala. 1; *A. G. S. R. R. Co. v. Frazer,* 93 Ala. 45. For the error committed in refusing to give this charge, the judgment will be reversed and the cause remanded.

Reversed and remanded.