# McKleroy *v.* The State.

*Indictment for Arson.*

1. *Charges as to measure of proof.*—In criminal cases, while absolute or mathematical certainty is not required, to authorize a conviction, the evidence must produce a conviction of the truth of the charge with that degree of certainty on which the mind reposes with satisfaction; and while "reasonable doubt," and "moral certainty," as used in this connection, are correct expressions, "it is possible," or "it may be," or "perhaps" the defendant is not guilty, as used in charges requested, imply only a possible or imaginary doubt, and the charges are properly refused.

2. *Charge objectionable for generality, or calculated to mislead jury.*— When a charge asserts a correct legal proposition, but is calculated to mislead the jury, or is objectionable for generality, neither the giving nor the refusal of it is an error which will work a reversal, since the party supposing himself injured by it may protect himself by asking an explanatory or more specific charge.

FROM the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

The defendant in this case was indicted for arson, and pleaded not guilty, but was convicted, and sentenced to the penitentiary

for the term of ten years. On the trial, he reserved a bill of exceptions, which does not set out any of the evidence adduced, but states that, after the court had charged the jury without objection, the defendant requested the following charges in writing: (1.) "Before the accused can be convicted, every ingredient of the crime with which he stands charged must be proved, and proved beyond all reasonable doubt, and the jury can not supply any missing link by mere inference or supposition." (2.) "Unless the evidence against the defendant is such that it excludes to a moral certainty every hypothesis but that of his guilt of the offense with which he is charged, the jury must find him not guilty." (3.) "Every one, charged with the commission of an offense against the law, is presumed innocent until his guilt is established; and the evidence, to induce conviction, should not be a mere preponderance of probabilities, but should be so convincing as to lead the mind to the conclusion that the accused can not be guiltless. Moral certainty, excluding all reasonable doubts, is the measure of proof in criminal cases." The court gave these charges as asked, but afterwards gave, on the request of the solicitor, the following charges "in rebuttal:" (1.) "When the law says that, before they can convict, they must believe to a moral certainty that the defendant is guilty, this simply means that they must believe his guilt beyond all reasonable doubt." (2.) "When the law says 'to the exclusion of every other reasonable hypothesis,' this is only another expression meaning that they must believe he is guilty beyond a reasonable doubt; and if the jury, from all the evidence in the case, and the proper conclusions to be drawn from the evidence, believe beyond a reasonable doubt that the defendant is guilty, and that the offense was committed in this county, and within the time covered by the indictment, they must find him guilty." (3.) "To prove beyond a reasonable doubt that the defendant is guilty, does not mean that the State must make the proof by an eye-witness, or to a positive, absolute, mathematical certainty. This latter measure of proof is not required in any case. If, from all the evidence, the jury believe that it is possible, or that it may be, or perhaps the defendant is not guilty, this degree of uncertainty does not amount to a reasonable doubt, and does not entitle the defendant to an acquittal. All that is required is, that the jury should, from all the evidence, believe beyond a reasonable doubt that the defendant is guilty; and if they so believe, and it was in this county, and before the finding of this indictment, they must find the defendant guilty, although they may also believe, from the evidence, that it may be he is not guilty, or that it is possible he is not guilty." To the giving of each of these additional charges the defendant duly excepted.

[McKleroy v. The State.]

Jno. D. Roquemore, for the appellant.—The charges given by the court at the instance of the defendant, asserted correct legal propositions, in plain and unambiguous terms; and the giving of the additional charges, "in rebuttal," it is called, could only tend to confuse the jury, or make them suppose that these charges in some way limited or qualified the former charges.—*Coleman v. The State*, 59 Ala. 52; *Clifton v. The State*, 73 Ala. 473; *Solomon v. The State*, 28 Ala. 83; *Tompkins v. The State*, 32 Ala. 569; *Miller v. Garrett*, 35 Ala. 96; *Tillman v. Chadwick*, 37 Ala. 317; *Brewer v. Watson*, 61 Ala. 299.

T. N. McClellan, Attorney-General, for the State.

CLOPTON, J.—The terms, "reasonable doubt," and "moral certainty," convey to the ordinary mind their sense and meaning with more accuracy and better understanding than definition or explanation can impart. Without attempting what others have found so difficult, it may be said in general words, the doubt must be actual and substantial, not merely possible or ideal. The certainty must be of the degree that produces a conviction of the truth of the charge, on which the mind reposes with satisfaction. Absolute or mathematical certainty is not required. What amount of evidence will be sufficient to this conviction, must be left to the conscience and judgment of the jury. The expressions, "it is possible," or "it may be," or "perhaps the defendant is not guilty," imply only a possible, conjectural, or imaginary doubt. Conviction is not inhibited on the existence of such doubt merely. The rule is not intended to paralyze the administration of the criminal law.

2. The court, at the instance of the defendant, gave three different charges, to the effect, respectively, that every ingredient of the crime must be proved beyond a reasonable doubt; that the evidence must exclude to a moral certainty every hypothesis but that of guilt; and that conviction should not be had on a mere preponderance of probabilities, but the evidence must be so convincing as to lead the mind to the conclusion that the accused can not be guiltless. The different phrases, "beyond a reasonable doubt," and "moral certainty," and "so convincing as to lead to the conclusion that the defendant can not be guiltless," are equivalent and convertible expressions of the same rule.—*Com. v Worthy*, 118 Mass. 1. By the explanatory instructions, given in separate charges at the request of the prosecution, the court so instructed the jury; which was proper, in order to prevent misleading or confusing the jury, by an erroneous impression, that each charge expressed a different rule as to the amount of evidence requisite to conviction.

7

[Jones v. The State.]

In *Coleman v. The State*, 59 Ala. 52, speaking of charges similar to the last two asked by defendant, it is said : " These two statements of one and the same principle have stood as guides, and without material impairment, for many years. We have no intention now to question them. They are but strong expressions of that full measure of proof which the law exacts, before it will sanction a conviction of a criminal offense. But, given nakedly, and without explanation, we fear they may, and sometimes do, produce an erroneous impression on the minds of the jury." If it were supposed the charges were calculated to mislead the jury by their generality, qualifying charges should have been asked. Neither giving nor refusing an instruction, which asserts a correct legal proposition, when too general, or calculated to mislead the jury, will work a reversal. If such charge is given, the party objecting should ask a more specific charge; if refused, no injury results.—1 Brick. Dig. 336, § 10; 339, §§ 60, 61.

Affirmed.