# CASES

IN THE

# SUPREME COURT OF ALABAMA.

DECEMBER TERM, 1887.

## Lang *v.* The State.

*Indictment for Murder.*

1. *Evidence; bad character of deceased.*—Evidence of the turbulent and violent character of the deceased is not admissible in favor of one charged with the homicide, when at the time of the killing the conduct of the deceased was such as to produce in the mind of accused no apprehension of harm.

2. *Confessions; incidental and collateral facts; impeachment of witness.* Though the defendant may have confessed the crime charged, yet he may show it was not in fact committed, or that it was not committed by him. But evidence to disprove facts incidental and collateral thereto confessed by him, is inadmissible to impeach credibility of witness testifying to the confession.

3. *Murder in first degree; Code of 1886, § 3725; charge.*—A charge in these words, "If the defendant in this county before the finding of this indictment purposely killed the deceased by striking him with a base ball bat after reflection with a wickedness or depravity of heart towards the deceased, and the killing was determined on before hand, even a moment before the fatal blow was struck, the defendant is guilty of murder in the first degree," contains all the statutory elements of murder in the first degree.

4. *Reasonable doubt; charge.*—A charge asserting, in reference to proving guilt beyond a reasonable doubt, that it is not required to make proof "by an eye witness or to a positive absolute mathematical certainty;" and that "if from the evidence the jury believe it is possible, or that it may be, or perhaps the defendant is not guilty, this degree of uncertainty does not amount to a reasonable doubt;" though involved and argumentative, asserts correct legal propositions.

5. *Argumentative charge.*—Neither the giving nor refusal of an involved and argumentative charge will cause a reversal of judgment.

6. *Clerical misprision in record.*—The word "heat" occurring in the record where the context shows it should have been "heart," it is regarded and treated by the court as a clerical misprision in copying the charge, which the charge itself corrects.

1

[Lang v. The State.]

APPEAL from Mobile City Court.

Tried before Hon. O. J. SEMMES.

In May or June, 1887, there was an excursion from Mobile to Mount Vernon, in Mobile county, on the Mobile and Birmingham railroad. There was a general fight at Mount Vernon, on the day of the excursion, late in the afternoon, and just before the train left for Mobile on its return, in which the deceased, Willie Boyd, was struck a blow in the back of the head with a base ball bat or stick, and knocked down. From the effects of this blow, which fractured the skull, Boyd subsequently died. The deceased, Willie Boyd, was actively engaged in the fight himself, at the time he was struck the fatal blow, and had just previously knocked down two or three men with a base ball bat. He had knocked down two men, and they were lying senseless on the ground. The deceased was standing leaning over the last man he had knocked down, when some one came up out of the crowd, and struck the deceased over the back of the head with a base ball bat or stick. The man who struck the fatal blow, struck a left-handed lick, holding the bat or stick with both hands. There was evidence that appellant is a right-handed man. The man who struck the fatal blow dropped the bat or stick, and ran north along the railroad track. There was evidence tending to show that the deceased, Willie Boyd, had struck the appellant over the head with a stick, up in front of the store, where the fight commenced, and in the early part of the same fight, in which Boyd was killed. After the deceased was struck the fatal blow, he was put on board of the train and brought to Mobile where he died.

The question of fact before the jury, was as to the identity of the appellant as the man who struck the fatal blow.

The State introduced evidence of a confession by appellant Lang that he struck the blow, assigning as a reason that he had been struck on the head with a skillet by deceased some time before, which had left a scar on his forehead. Defendant offered to prove by one Patton, that he, Patton, was the party who had struck Lang with the skillet, but the court refused to allow the testimony. The court refused to allow appellant to introduce evidence of the deceased's character for turbulence and violence. One of the charges given by the court and excepted to by defendant, is set out in the opinion. Another was as follows:

"To prove beyond a reasonable doubt, that the defendant

[Lang v. The State.]

is guilty, does not mean, that the State must make the proof by an eye witness, or to a positive, absolute, mathematical certainty; this latter measure of proof is not required in any case. If from all the evidence, the jury believe that it is possible, or that it may be, or perhaps the defendant is not guilty, this degree of uncertainty does not amount to a reasonable doubt, and does not entitle the defendant to an acquittal. All that is required is, that the jury should from all the evidence, believe beyond a reasonable doubt, that the defendant is guilty; and if they so believe, and it was in this county, and before the finding of this indictment, they must find the defendant guilty, although they may also believe, from the evidence, that it may be he is not guilty, or that it is possible he is not guilty."

Lang was found guilty of murder in the second degree and sentenced to ten years imprisonment in the penitentiary.

McCARRON & LEWIS, for appellant, as to exclusion of Patton's testimony, cited 46 Ala. 30; 46 Ala. 703; 71 Ala. 509; 62 Ala. 6; as to exclusion of evidence of deceased's character for violence, 47 Ala. 603; as to the word "heat" in first charge, 50 Ala. 144; 63 Ala. 164; 50 Ala. 104; 36 Ala. 236; 32 Ala. 569; 22 Ala. 20; 20 Ala. 105; 28 Ala. 83; 52 Ala. 379; 72 Ala. 173; 68 Ala. 280; 55 Ala. 252; 24 Ala. 697; as to ambiguity of second charge, 28 Ala. 83; 20 Ala. 105; 22 Ala. 20; 32 Ala. 569; 36 Ala. 236; 50 Ala. 104; 63 Ala. 164; 52 Ala. 379; 72 Ala. 173; 68 Ala. 280; 55 Ala. 252; 71 Ala. 299.

T. N. McCLELLAN, Attorney-General, contra.

CLOPTON, J.—As a general rule in cases of homicide, evidence of the bad character of the deceased for turbulence and violence is not admissible, unless it tends to qualify, or explain the conduct of the deceased, or to illustrate the motive or intent of the accused in committing the homicide— when it may be said to constitute a part of the res gestæ. The character of the deceased, however rash and bloodthirsty, furnishes, per se, no excuse for taking his life. To render such evidence competent and relevant, the conduct of the deceased must be of such nature, that its tendency, under the circumstances and as illustrated by his character, is calculated to create a reasonable apprehension of great bodily harm. The purpose of such evidence is to show the honesty

of the accused's belief of imminent peril.—*Franklin v. State*, 29 Ala. 14; *Pritchett v. State*, 22 Ala. 39; *Storey v. State*, 71 Ala. 329; *DeArman v. State*, 71 Ala. 357. The deceased, at the time the fatal blow was struck, was making no demonstration of violence against the defendant, spoke no words, and did no act, which could tend, even remotely, to produce in the mind of the defendant any apprehension of harm. Under the circumstances, the evidence of the deceased's character for turbulence and violence was not admissible.

The credibility of the witnesses, who may prove confessions, and of the confessions themselves, are legitimate subjects of inquiry, and may be impeached in any authorized mode. Though the defendant may have confessed the crime, he may show that the offense with which he is charged was not in fact committed, or that he was not the guilty agent. These are the immediate issues to be tried, and any evidence is pertinent, which properly tends to prove or disprove them, and to elucidate the main inquiry. But confessions of the specific offense are distinguishable from admissions and declarations of incidental and collateral facts, though they may be made at the same time. An investigation of the truth or falsity of such admissions and declarations would raise collateral inquiries, multiply the issues, and by diverting the minds of the jury from the main inquiry, confuse their deliberations. Had the defendant been allowed to prove, in order to show that his declaration of the cause of his striking the deceased was false, or to impeach the witnesses, who testified to such declarations, that some person other than the deceased struck him with a skillet on a previous occasion, it would have been competent for the prosecution to introduce rebutting and contradictory evidence. An inquiry as to the details of the previous difficulty would have been inaugurated, and the main issue rendered materially dependent upon ascertaining whether the deceased struck the defendant, or whether the defendant had reason to believe that he struck him. The evidence of the witness Patton was properly excluded.

The court, at the request of the solicitor, instructed the jury: "If the defendant, in this county, before the finding of this indictment, purposely killed the deceased by striking him with a base ball bat, after reflection, with a wickedness or depravity of heart toward the deceased, and the killing was determined on beforehand—even a moment before the

fatal blow was struck—the defendant is guilty of murder in the first degree." In quoting the charge we have inserted the word *heart* where "*heat*" occurs in the record, regarding and treating its use as a mere clerical mistake in copying, which the charge itself corrects. The statute declares, "every homicide perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing," is murder in the first degree. In *Mitchell v. State*, 60 Ala. 26, it is said that to come within the last clause of the statutory definition, "the act must be qualified by each of the named adjectives,"—willful, deliberate, malicious and premeditated—which "may be grouped under the very expressive phrase, *formed design*." *Purposely killing* is intentional, willful; *after reflection is deliberation; with a wickedness or depravity of heart towards the deceased,* is the highest grade of malice; and *determining on the killing beforehand,* is premeditation. The statute does not fix any length of time as requisite to deliberation or premeditation. If reflected and determined on before the killing, however brief may be the period, the law concludes a formed design. *Com. v. Drum,* 58 Penn. St. 9. While, as we have said in other cases, it is much the better practice to use the statutory words in defining the highest degree of murder, which can not be simplified, the foregoing analysis of the charge shows, that its hypothesis contains and sets forth, though in different phraseology, all the statutory elements of murder in the first degree.—*Floyd v. State,* 82 Ala. 16.

The charge in reference to reasonable doubt asserts correct legal propositions, as settled by several decisions of this court. It may be obnoxious to criticism as being somewhat involved and argumentative, but neither giving nor refusing such charge will cause the reversal of the judgment.—*McLeroy v. State,* 77 Ala. 95.

There is no error in the other rulings of the court.

Affirmed.