# Stewart *v*. The State.

### *Indictment for Murder.*

1. *Indictment for murder; trial and its incidents; when abbreviation in copy of indictment served on defendant furnishes no ground for quashing venire.*—When an indictment charges that the defendant "did unlawfully and with malice aforethought kill," etc., the fact that in the copy of the indictment served on the defendant the character "&" is used in the place of "and" between "unlawfully" and "with malice," constitutes no ground for quashing the venire; the character "&" being an abbreviation in common use for the word "and" and being well understood to be identical in meaning.

2. *Organization of jury; when motion to quash properly overruled.* The fact that the given name of one of the regular jurors for the week of the trial of a capital case, and who was upon the special venire served upon the defendant, was written "Dove" and in the list served on the defendant the name was written "Dave," constitutes no ground for quashing the venire; and especially is this true, when upon the trial of the motion to quash, the proof shows that there was no person

3c

[Stewart v. The State.]

having such surname whose given name was "Dove" residing in the county of the trial.

3. *Same; same.*—Where one of the persons drawn as one of the regular jurors for the week set for the trial of a capital case was under twenty-one years of age, the fact that the court excused him on that account, constitutes no ground for quashing the venire, and this is true even though his name was upon the special venire served upon the defendant.

4. *Indictment for murder; admissibility of evidence.*—On a trial under an indictment for murder, where a witness testified that a short time before the killing the defendant asked him where the deceased was and stated to him that he was going to kill him that night or the next morning, it is not competent for the defendant on the cross-examination of said witness, to ask him, "If you were such a good friend of Will's [the deceased] why did you not go and tell Will Jim [the defendant] was going to kill him?" there being no evidence that the witness was a good friend of the deceased, nor that he did not tell the deceased of the threat of the defendant.

5. *Same; same.*—On a trial under an indictment for murder, where the evidence for the State tended to show that after a quarrel between the defendant and the deceased about a debt, which the defendant claimed the deceased owed him, deceased walked away some distance and then the defendant took deliberate aim at him and shot and killed him, and the evidence for the defendant tended to show that when the deceased was shot he was approaching the defendant and when very near to him the defendant struck him with a pistol which was accidentally discharged and inflicted the fatal wound, it is competent for the State in rebuttal to introduce witnesses and ask them if there were any powder burns on the clothes of the deceased.

6. *Charge of court to jury; clerk's misprison.*—Where in a charge to the jury the word "purposed" is used, but it clearly appears from the context that the word intended to be used was "purposely," the use of the word *purposed* will be regarded and treated by the court as a clerical misprison and self-corrective mistake in copying the charge, and the charge will be treated as if the word *purposely* had been used.

7. *Indictment for murder; charge of court to jury.*—On a trial under an indictment for murder, a charge asserts a correct proposition and is free from error, which instructs the jury that "if they believe beyond a reasonable doubt from the evidence in the case that the defendant in Wilcox county, Alabama, and before the finding of this indictment, purposely killed Will Mims by shooting him with a pistol, with a wick-

edness or depravity of heart toward said deceased, and the killing was determined on beforehand, and after reflection (for however short a time before the shooting was done, is immaterial), then the defendant is guilty of murder in the first degree."

8. *Same; same.*—On a trial under an indictment for murder, a charge is erroneous and properly refused which instructs the jury that "if they have a reasonable doubt as to the defendant's guilt growing out of any part of the evidence they must find the defendant not guilty;" such charge predicating an acquittal on a part of the evidence.

9. *Same; charge as to self defense.*—On a trial under an indictment for murder, a charge as to self defense which ignores the question of apparent danger and the duty to retreat, is erroneous and properly refused.

10. *Homicide; charge as to accident.*—On a trial under an indictment for murder, where the evidence for the State tended to show that the killing was done deliberately and premeditatedly, and the evidence for the defendant tended to show that as the deceased approached near the defendant, the latter struck him with a pistol which was accidentally discharged inflicting a fatal wound, if the defendant was at fault in striking the deceased intentionally with the pistol and it accidentally went off and killed the deceased, the defendant could not be acquitted, as he might have been found guilty of manslaughter; and in such a case a charge is erroneous and properly refused which instructs the jury that if the deceased "went to defendant in an attacking manner and was not provoked by the defendant, and the defendant struck at him with a pistol and the pistol went off and killed the deceased accidentally, then the jury should acquit the defendant."

11. *Charges properly refused.*—Charges which are argumentative or single out and lay stress upon a portion of the evidence are properly refused.

12. *Judgment; presumption in reference thereto.*—The fact that the judgment in a criminal case does not show that the jury was charged by the court as to the law of the case, constitutes no reversible error; it being presumed that the trial court did its duty in this respect.

13. *Verdict; sufficient to sustain judgment.*—On a trial under an indictment for murder, a verdict that "we, the jury, find the defendant guilty of murder in the first degree, and sentence him to death by hanging," is sufficient to sustain a judgment of conviction and sentence to death.

[Stewart v. The State.]

Appeal from the Circuit Court of Wilcox.

Tried before the Hon. John Moore.

The appellant in this case, Jim Stewart, was indicted, tried and convicted for the murder of Will Mims and was sentenced to be hanged.

The defendant objected to going to trial and moved the court to quash the venire upon the following grounds: "1st. Because said Jim Stewart was not served with a copy of the indictment in said case, as the law required. 2d. Because said defendant was served with a purporting copy of the indictment, and differs from the original in this: In the original whenever the word "and" occurs it is written out and in the purporting copy it is not written and spelled out, but the following sign is used, '&,' and other variances as will more fully appear by comparing the original with the purporting copy. 3d. Because Dove Duke was drawn by the jury commissioners to serve on the regular jury for this the 3d week of Fall Term, 1902, of said court, and the clerk of said court issued to the sheriff of said county a command to summon Dave Duke, and one Dave Duke was summoned to serve as a regular juror for said 3d week, and said Dave Duke is one of the jurors in the special venire to try said case; and said Dave Duke was not drawn, as required by law, for said 3d week of said court. 4th. Because Burrell Dulany was drawn by the jury commissioners to serve as a juror for 3d week of said court at Fall Term, 1902, and the return of the sheriff on the venire for jurors for said 3d week shows that said Burrell Dulany was summoned and said Burrell Dulany was not included in the special venire served on defendant to try his case. 5th. Because one Frank Moore, Jr., was drawn and listed by the jury commissioners to serve as a petit juror for this 3d week of said court and the sheriff summoned another and different Frank Moore, Jr., to serve as a petit juror for the said 3d week of said court, and said last named Frank Moore, Jr., is a minor. 6th. Because the venire in this case is the same as the venire in Ben Ethridge's case set for today, but one venire was drawn for both cases, and

the venire has been quashed by order of the court in the said case of Ben Ethridge."

As to the evidence introduced upon the hearing of this motion, the bill of exceptions contains the following recitals: "The defendant offered in evidence on hearing of said objection and on hearing of the motion, the original indictment in this case, and the original venire issued by clerk for the jury for 3d week of this court, and the return of the sheriff thereon, the copy of the indictment served on the defendant, the list of the jurors served on the defendant to try his case, the original list of jurors drawn by the jury commissioners for the 3d week of said court which was sealed up in an envelope, and delivered to the clerk of said court and the defendant proved that Frank Moore, Jr., was a minor, under 21 on day set for trial of said case.

"The said Frank Moore, Jr., was one of the regular jurors drawn and summoned for the 3d week of said court, and when the jurors for said week were called, on Monday of said week, the said Frank Moore, Jr., was excused as a juror for said week by the court on his oath that he was under 21 years of age. The defendant then offered in evidence the entry made by the presiding judge on his trial docket, in the case of Ben Ethridge, which case was set for trial on the same day as this, (and under a local law of Wilcox county, one venire was drawn for both cases) showing the venire was quashed in the Ethridge case. This entry was changed by the presiding judge the same day so as to show the objection of the defendant Ethridge to going to trial, because not served with a copy of the indictment, as required by law was sustained, and the venire was not quashed."

There was also introduced in evidence the original papers showing the indictment and the venire. The return of the sheriff upon the venire showed that Burrell Dulany, one of the jurors named on the special venire was not found. The State proved by the sheriff and the clerk that there was but one Frank Moore, Jr. in said county and that he resided in Camden beat; and that there was no "Dove" Duke in said county, or in Camden beat, but that there was a "Dave" Duke, a farmer, in

Camden beat in said county. Upon the introduction of the evidence and the objection and motion to quash the venire, the court overruled said objection and motion, and to each of these rulings the defendant separately excepted. The evidence in the case necessary to an understanding of the decision on the present appeal is sufficiently stated in the opinion.

Upon the introduction of the evidence, the court at the request of the solicitor for the State, gave to the jury the following written charges: (1.) "The court charges the jury that if they find from the evidence in this case, beyond all reasonable doubt that the defendant in Wilcox county, Alabama, and before the finding of this indictment, purposed killed the deceased, Will Mims, after reflection, with a wickedness or depravity of heart towards said deceased, and the killing was determined on before hand, even a moment before the fatal shooting was done, then the defendant is guilty of murder in the first degree." (2.) "The court charges the jury that if they believe beyond a reasonable doubt from the evidence in the case, that the defendant in Wilcox county, Alabama, and before the finding of this indictment, purposely killed Will Mims by shooting him with a pistol, with a wickedness or depravity of heart toward said deceased, and the killing was determined on beforehand, and after reflection (for however short a time before the shooting was done, is immaterial); then the defendant is guilty of murder in the first degree."

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "The court charges the jury that if they have a reasonable doubt as to the defendant's guilt, growing out of any part of the evidence, that they must find the defendant not guilty." (2.) "The court charges the jury that if they believe that Will Mims came back from down the church aisle in anger at defendant and went to defendant in an attacking manner and was not provoked by defendant, and the defendant struck at him with a pistol and the pistol went off and killed Mims accidentally, then the jury should ac-

quit the defendant." (3.) "The jury should look at all the testimony and examine it carefully to see whether the defendant had malice, ill will or hate toward Will Mims when the pistol fired that killed Will Mims, and they can look at what the defendant said immediately after the shooting along with all the other evidence, to see if malice was in the heart of the defendant when the pistol fired." (4.) "The court charges the jury that if they believe from the evidence that after the debt between Jim Stewart and Will Mims was settled, and Mims went away from Jim down the aisle of the church and returned to where Jim was in an angry manner and with his hand in his pocket, and had not been provoked by Jim after the debt was settled, and Jim hit at him with a pistol and the pistol went off and killed Will Mims, accidentally, then the jury should acquit the defendant."

The veridct as returned by the jury was in the following language: "We the jury find the defendant, Jim Stewart, guilty of murder in the first degree, and sentence him to death by hanging." Upon this verdict the court rendered a verdict of guilty and sentenced the defendant to be hanged. The judgment entry, after setting out the rulings of the court upon the objection of the defendant going to trial, and the motion to quash the venire, was as follows: "And defendant being duly arraigned upon his heretofore plea of not guilty of murder in the first degree, as charged in the indictment, thereupon comes a jury of good and lawful men, to-wit, E. O. Rentz and eleven others, who being duly empannelled and sworn, according to law, upon their oaths do say, we, the jury find the defendant, Jim Stewart, guilty of murder in the first degree, and sentence him to death by hanging."

MILLER & MILLER, for appellant, cited Code, §§ 4990, 4991, 5273; *Hunt v. State*, 135 Ala. 1; 1 Mayfield Dig., 679, § 453; *Nutt v. State*, 63 Ala. 180; *Smith v. State*, 103 Ala. 7; *Ex parte Sloan*, 95 Ala. 22.

MASSEY WILSON, Attorney-General, for the State.— "&" and "and" are identical in meaning. The fact that

[Stewart v. The State.]

the copy of the indictment served on the defendant used the character "&," while the original indictment used the word "and" furnished no ground for quashing the venire.—*Brown v. State*, 16 Tex. App. 245; *Malton v. State*, 29 Tex. App. 527; *Com. v. Clark*, 4 Cush. (Mass.) 596; 1 A. & E. Ency. L. (2d. ed.), p. 97.

The third ground of the motion to quash was properly overruled.—Code, § 4997; *Thompson v. State*, 122 Ala, 12, 19; *Bell v. State*, 115 Ala. 25, 37.

The question asked the witness Peter Quarles, was clearly improper. It called for the secret, uncommunicated motives or intentions of the witness.—*Whizenant v. State*, 71 Ala. 383.

Charges 1 and 2 asked by the solicitor contained every element of the offense of murder in the first degree.— *Lang v. State*, 84 Ala. 1.

The court did not err in refusing the charges requested by the defendant as shown by the transcript.— *Fitzgerald v. State*, 112 Ala. 34; *Fountain v. State*, 98 Ala. 40.

In the absence of any objection by the defendant in the court below this court will presume that the lower court did its duty and charged the jury.—*Washington v. State*, 81 Ala. 35; 11 Encyc. Pl. & Pr., p. 217, *et seq.*

The objection raised by the defendant to the form of the verdict is without merit. The question has been expressly passed on by this court and the verdict held sufficient.—*Noles v. State.* 24 Ala. 672, 694.

HARALSON, J.—The indictment charges that defendant "did unlawfully *and* with malice aforethought kill Will Mims" etc. The conjunction "and," which we italicise for convenient reference, is spelled out, and in the copy served on the defendant, the character, "&," in place of "and" was employed. That character is an abbreviation in common use for "and"; is well understood and is never mistaken as standing for any other word than "and," with which it is identical in meaning.—1 Am. & Eng. Ency. of Law (2d ed.), 97. There was no ground for quashing the venire on this account.

The fact that the given name of Duke, one of the

[Stewart v. The State.]

regular jurors drawn for the week set for the trial of
defendant, was written *Dove,* and in the list served on
the defendant the name was written *Dave,* constituted
no ground for quashing the *venire.* The proof on the
trial of the motion showed that there was no Dove Duke
residing in the county or in Camden beat, but there was
a farmer in said beat by the name of Dave Duke. "No
objection can be taken to any *venire facias* for a petit
jury, except for fraud in drawing or summoning the
jurors," the provisions of the chapter in the Code in
reference to such drawing and summoning being merely
directory.—Code, § 4997; *Baker v. State,* 122 Ala. 1;
*Thompson v. State,* Ib. 12; *Childress v. State,* Ib. 21.

The 4th ground for quashing is not true in point of
fact. Burrell Dulany was drawn, it is true, by the jury
commissioners, to serve as a juror for the third week
of said court, but the return of the sheriff, instead of
showing that he was served by him, as is alleged on the
ground to quash, shows that he was "not found," and
for that reason he was not on the jury, and his name
could not appear on the list served on the defendant
for his trial.

The 5th ground, even if meritorious, was not proved.
The State proved that there was but one Frank Moore,
Jr., in the county. When called, said Moore swore that
he was under twenty-one years of age, and the court
excused him on that account, as it had the right to do.
Code, § 5020. It was not shown, as alleged in the mo-
tion, that the sheriff summoned another and different
Frank Moore, Jr., from the one drawn by the commis-
sioners.

The 6th ground was not well founded in fact. As
shown by the record, the *venire* in the Ethridge case,
set for trial the same day,—one jury having been drawn
under the local statute for the trial of this and that
case,—was not quashed, as assumed in the motion, but
an objection by Ethridge to going to trial on the
ground that he had not been served with a copy of the
indictment, was sustained. The fact that the presid-
ing judge first entered on his docket that the *venire* was
quashed, and the same day this entry was changed, in
order to conform it to what was in fact done, so as to

show that the defendant's objection to going to trial was sustained, and not that the *venire* was quashed, was no ground for quashing the *venire* in this case. The court had the right to correct a mistaken entry on its docket.

Peter Quarles, a witness for the State, testified that he and defendant went to the church the night of the killing; that about 8 or 9 o'clock, that night, defendant asked witness if he had seen Will Mims, that he owed him, defendant, $3.00, and he was going to kill him that night or in the morning, and witness told him not to do it, "he was too nice a man." After this, defendant went into the church where deceased was. On the cross examination the witness was asked by defendant's counsel: "If you were such a good friend of Will's, why did you not go and tell Will, Jim was going to kill him?" The court sustained an objection to the question, and in this there was no error. There was no evidence to show that the witness was a good friend of the deceased, nor was there any evidence at the time this question was asked, that he had not told the deceased of the threat of defendant to kill him, and the question was bad in assuming both these facts.

The evidence for the State tended to show, that after an altercation of words between defendant and deceased about a debt of $2.25 that defendant claimed deceased owed him, and after the deceased paid that sum to defendant, he walked away from the defendant to near the center of the church and stood between two benches, some twelve or more feet from defendant, when the latter took deliberate aim and shot and killed deceased. The defendant introduced evidence tending to show that when deceased was shot, he was approaching defendant and was very near to him, when the latter struck him with a pistol, which accidentally discharged and killed deceased. After the defendant closed the examination of his witnesses, the State in rebuttal called three witnesses and asked each of them: "If there was any powder-burn on the clothes of Will Mims?" The defendant objected on the ground that it "was not in rebuttal and

called for new matter." The court overruled the objection, and in this, it is too clear. for argument, that it committed no error.

Charge 1 requested by the State as it appears in the record, reads, "that if the jury find from the evidence in this case, beyond all reasonable doubt, that the defendant in Wilcox county, Alabama, and before the finding of this indictment, *purposed killed* the deceased," etc. The word *purposed* is plainly a self-corrective clerical mistake for the word *purposely,* and we will so treat it.—*Lang v. State,* 84 Ala. 4. Thus construed, the charge, and the one following, numbered 2, were free from error, as we have frequently held.—*Lang v. State,* 84 Ala. 1; *Wilkins v. State,* 98 Ala. 1.

Refused charge 1 requested by defendant was properly refused. It predicated an acquittal on a part of the evidence.—*Winter v. State,* 132 Ala. 32; *Nicholas v. State,* 117 Ala. 33; *Turner v. State,* 124 Ala. 60.

As an instruction on self-defense, charge 2 was bad. It ignored the question of apparent danger, necessity to strike and the duty to retreat. Moreover, if defendant was at fault in striking deceased intentionally with a pistol, and it accidentally went off and killed deceased, the defendant might have been found guilty of manslaughter.—*Fitzgerald v. State,* 112 Ala. 34. For some of the same reasons charge 4 was properly refused.

Charge 3 was argumentative and singled out and laid stress on a portion of the evidence.

It is insisted that the judgment should be reversed because the minute entry does not show that the jury was charged by the court as to the law of the case. We will presume that the trial court did its duty in this respect.—*Washington v. State,* 81 Ala. 35.

The verdict was sufficient to sustain the sentence. *Noles v. State,* 24 Ala. 672.

We find no error in the record, and the case must be affirmed.

Affirmed.